ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| JOSÉ D. SANTIAGO TORRES<br><br>Apelante<br><br>v.<br><br>YAUCO HEALTHCARE CORPORATION Y OTROS<br><br>Apelados | KLAN202400430 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: SJ2019CV11673<br><br>Sobre: Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 10 de mayo de 2024.

El señor José D. Santiago Torres, mediante recurso de Apelación, nos solicita que revisemos una Resolución que emitió el Tribunal de Primera Instancia, Sala de Ponce el 7 de abril de 2024. Mediante referida decisión el foro primario suspendió la autorrepresentación del señor José D. Santiago Torres en los procesos ante el TPI y le ordenó contratar a un abogado en el término de treinta (30) días.

Acogemos el recurso incoado como uno de *certiorari* por tratarse de la revisión de una orden interlocutoria manteniendo la identificación alfanumérica que asignó la Secretaría de este Tribunal de Apelaciones.

Por los fundamentos que exponemos a continuación *Denegamos* la expedición del recurso presentado.

Número Identificador
RES2024 _____

**I.**

Procedemos a reseñar el tracto procesal según narrados en el recurso que atendemos, los documentos unidos al recurso y el expediente electrónico en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) de conformidad con la facultad que nos concede la Regla 77(D)(2) de nuestro Reglamento, 4 LPRA Ap. XXII-B.

El 7 de noviembre de 2019 el Sr. Santiago Torres presentó una Demanda en daños y perjuicios, por derecho propio, contra la Aseguradora de Responsabilidad Pública de Yauco Healthcare Corporation, Yauco Healthcare Corporation, el Hospital de Damas de Ponce y otros.[1]

En su recurso alegó que se le aplicó una Ley 408 (Ley de Salud Mental de Puerto Rico de 2 de octubre de 2000, 24 LPRA secs. 6152 et seq.), conduciéndolo primero por días a un hospital no psiquiátrico (Damas) y varios días después a otro psiquiátrico. Mencionó que en ese proceso fue inyectado involuntariamente, sedado y abusado, sufriendo laceraciones. Luego de ahí fue transferido al Hospital Metropolitano, donde fue mantenido luego de haber expirado las primeras 24 horas de la orden 408.[2]

Luego de otros trámites procesales, el 7 de abril de 2024, notificada el 9 de abril, el foro primario emitió una Resolución en la cual decretó lo siguiente:

> La parte demandante ha demostrado ciertas dificultades en el manejo de caso por derecho propio, que cuestionan que pueda representarse de manera decuada [sic]. En interés de salvaguardar sus derechos y conforme a la Regla 9.4 (c)(e) de las de Procedimiento Civil, se suspende la autorepresentación a José Dioscoride Santiago Torres y se le ordena que contrate un abogado en un plaza

---

[1] El Sr. Santiago Torres no incluyó como parte del apéndice la copia de la demanda incoada.
[2] Recurso página 3.

[sic] de 30 días, para la continuación de los procedimientos.[3]

Entretanto, los días 9 de abril de 2023, el señor Santiago Torres, presentó un escrito dirigido a la Honorable Administradora del Centro Judicial de Ponce, para que se le expidan ciertos emplazamientos.[4]  El señor Santiago Torres presentó de otros escritos dirigidos a la Juez Administradora del Centro Judicial de Ponce.[5] Luego de otros trámites procesales, el 22 de abril de 2024 el foro primario, al atender una *Moción de Reconsideración de Sentencia Parcial del 11 de abril de 2024*, dispuso que "la parte debe cumplir con la Regla 9.4 de Procedimiento Civil, se le ha ordenado que tiene que contratar un abogado para que continúen los procedimientos."[6]

En desacuerdo con la decisión emitida el 7 de abril de 2024, el 2 de mayo, el señor Santiago Torres presentó el recurso de apelación, al que acogimos como un *Certiorari.*  Allí señaló como único error que "*el Tribunal falta a la Constitución y al debido proceso de ley, privándolo de su derecho constitucional a la autorrepresentación, sin causa alguna*".

Tras evaluar el recurso, para lograr el más eficiente despacho del asunto, prescindimos de solicitar ulteriores escritos no jurisdiccionales a tenor con la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones 4 LPRA Ap. XXII-B.

## II.

## A.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar

---

[3] Apéndice 1 del recurso.
[4] Apéndice 7 del recurso.
[5] Apéndices 8 y 9 del recurso.
[6] Apéndice 10 del recurso.

las determinaciones de un tribunal inferior. Torres González v. Zaragoza Meléndez, 211 DPR 821 (2023); McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012).

Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del foro apelativo. Torres González v. Zaragoza Meléndez, *supra*; Medina Nazario v. McNeill Healthcare LLC, 194 DPR 723, 729 (2016). Así, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*. En el ámbito judicial, la discreción del tribunal revisor no debe abstraerse del resto del Derecho y, por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera. Mun. Caguas v. JRO Construction, 201 DPR 703, 712 (2019); IG Builders et al. v. BBVAPR, *supra*, pág. 338.

En particular, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, establece los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones sobre el referido recurso para la revisión de sentencias y resoluciones dictadas por el Tribunal de Primera Instancia. Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 207 (2023); McNeil Healthcare v. Mun. Las Piedras I, *supra*; Mun. de Caguas v. JRO Construction, 201 DPR 703, 709 (2019). En lo que nos atañe, esta regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este

apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso *Certiorari*, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros de instancia ostentan un alto grado de discreción en el manejo procesal de un caso. Meléndez Vega v. Caribbean Intl. News, 151 DPR 649, 664 (2000). Como es sabido, en nuestro ordenamiento jurídico impera la norma de que un tribunal apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción. García v. Asociación, 165 DPR 311 (2005); Meléndez Vega v. Caribbean Intl. News, *supra*, pág. 664; Lluch v. España Service Sta., 117 DPR 729 (1986); Valencia Ex Parte, 116 DPR 909 (1986). El adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414 (2013); Rivera Durán v. Banco Popular, 152 DPR 140, 155 (2000). Por ende, si no se encuentra presente en la petición ante nuestra consideración ninguno de los criterios antes transcritos y la actuación del foro primario "no está desprovista de base razonable ni perjudica derechos sustanciales de una parte, lo lógico es que prevalezca el criterio del juez de instancia a quien corresponde la dirección del proceso". Sierra v. Tribunal Superior, 81 DPR 554, 572 (1959). De manera que, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. Rivera Durán v. Banco Popular, *supra*, pág. 154.

Además de lo anterior, para ejercer nuestra función revisora, la Regla 34 del Reglamento del Tribunal de Apelaciones,

4 LPRA Ap. XXII-B gobierna el contenido de la solicitud de *Certiorari*. La Regla 34(C) (1) del Reglamento, dispone que todo recurso de *Certiorari* debe contener en el cuerpo lo siguiente:

> (a)-(c)…
> (d) Una relación fiel y concisa de los hechos procesales y materiales del caso.
> (e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.
> (f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.
> (g) […]

En armonía a lo anterior, sabido es que nuestro sistema judicial es adversativo y rogado, el cual descansa sobre la premisa de que las partes son los mejores guardianes de sus derechos e intereses. Bco. Bilbao v. González Zayas, 155 DPR 589, 594 (2001); SLG Llorens v. Srio. De Justicia, 152 DPR 2, 8 (2000). El incumplimiento con las disposiciones reglamentarias sobre los recursos presentados en el Tribunal de Apelaciones puede conllevar la desestimación. Pueblo v. Rivera Toro, 173 DPR 137 (2008); Cárdenas Maxán v. Rodríguez, 119 DPR 642 (1987). El Tribunal Supremo ha resuelto que el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica el incumplimiento de éstas con las reglas procesales. Febles v. Romar Pool Construction, 159 DPR 714 (2003). Como es sabido, para juzgar, hay que conocer; el derecho de apelación no es automático, conlleva diligenciamiento y un perfeccionamiento adecuado. Andino v. Topeka, 142 DPR 927, 933, 938 (1997). En consecuencia, procede la desestimación de un recurso por incumplimiento al Reglamento, cuando éste haya provocado un "impedimento real y meritorio para que el tribunal pueda atender el caso en los méritos". Pueblo v. Rivera Toro, *supra,* citando

a <u>Román Velázquez v. Román Hernández</u>, 158 DPR 163, 167-168 (2002).

**B.**

La autorrepresentación o representación por derecho propio en los casos de naturaleza civil se rige por la Regla 9.4 de Procedimiento Civil, 32 LPRA Ap V, R. 9.4.  La Regla dispone que la persona que se autorrepresenta deberá cumplir con ciertos requisitos enunciados en los incisos (a) al (e) de la Regla.

El tribunal, por su parte, deberá asegurarse de que la persona cumple con los aludidos requisitos a partir de su comparecencia inicial y durante todo el proceso.  El incumplimiento con alguno de los requisitos mencionados en la Regla será causa justificada para suspender su autorrepresentación.  Cuando el tribunal suspenda la autorrepresentación de una persona, le ordenará que en determinado plazo comparezca representada por abogado o abogada.

**III.**

En un escueto recurso, el señor Santiago Torres señala que está inconforme con la decisión del foro primario del 7 de abril de 2024, mediante la cual se le eximió de representarse por derecho propio y se le ordenó contratar un abogado.

En el señalamiento de error, el peticionario se limitó a expresar que el tribunal no ejerce sus deberes constitucionales. No obstante, no realizó una discusión de los errores señalados, ni aludió a jurisprudencia o a derecho alguno para sustentar su alegación, según lo exige la Regla 34 (C) de nuestro Reglamento. Además de ello, el apéndice estaba incompleto, pues no incluyó la demanda, mencionó e incluyó ciertas determinaciones del foro primario, en las que determinaba "enterado", sin embargo, no

incluyó las mociones a las que hacía referencia el tribunal en las distintas órdenes emitidas.[7]    Por lo cual, el recurso no está debidamente perfeccionado.

Independientemente a ello, la determinación del foro primario de suspender la autorrepresentación que ostentaba el señor Santiago Torres y ordenarle contratar un abogado, se trata de un asunto interlocutorio discrecional de manejo de caso, según lo permite la Regla 9.4 de Procedimiento Civil, *supra*.

La decisión aquí recurrida no versa sobre alguna de las materias contempladas en la Regla 52.1 de Procedimiento Civil, *supra,* que nos permita intervenir de manera discrecional. Tampoco están presentes las razones que establece la Regla 40 del Reglamento del Tribunal de Apelaciones, que justifique variar la *Orden* recurrida.  A su vez, el señor Santiago Torres no nos ha demostrado que, al emitir la Orden relacionada a la autorrepresentación y ordenarle que comparezca con un abogado, el foro primario incurriera en error, prejuicio o parcialidad.   Por tanto, procede denegar el recurso.

**IV**.

Por los fundamentos expuestos, se deniega la expedición del recurso de *certiorari*.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[7] Apéndices 2 al 6 y 10 del recurso.