ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| YAMIL CESAREO ROSADO<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202300020 | *Revisión Administrativa* procedente del Departamento Corrección y Rehabilitación<br><br>Caso Núm.: PP-74-22<br><br>Sobre: Remedio Administrativo |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico a 31 de enero de 2023.

Alexander Pérez Vega ("peticionario" o "Cesáreo Rosado") comparece por derecho propio, como indigente, en escrito presentado el 12 de enero de 2023, el cual fue acogido en la Secretaría del Tribunal como una Revisión Administrativa.

Por los fundamentos que exponemos a continuación, desestimamos el recurso por falta de jurisdicción.

## I.

Manifiesta el recurrente que se encuentra en la Institución Bayamón 501, cumpliendo una sentencia que le impuso el Tribunal de Bayamón. Alega que presentó una solicitud de reconsideración en el año 2022 porque le incluyeron dos años de más en el expediente criminal del Departamento de Corrección. Indicó que para los años 1994 y 1993 se le había impuesto unas penas de 7 años y 10 años para un tiempo total de 17 años. Indicó que cumplió dos años demás, los que solicita que se los acrediten

Número Identificador

SEN2023_____

a la sentencia que actualmente cumple. Requirió, además, que le abonen el tiempo que cumplió en probatoria en el pasado. Adujo que su sentencia fue ilegal y reclamó indemnización por cada día en que estuvo recluido en la institución penal.

Junto a su escrito incluyó los siguientes documentos: una acusación en el caso criminal DCA200460114 por infracción al Artículo 5.05 de la Ley de Armas, emitida el 12 de febrero de 2004; la Resolución emitida por el Comité de Clasificación y Tratamiento del Departamento de Corrección y Rehabilitación el 12 de junio de 2014 y una Solicitud de Reconsideración PP-74-22, firmada por el señor Cesáreo Rosado, el 20 de marzo de 2022 sometida ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación. Mediante esta última, solicitó que se le acreditaran los dos años. No surge del expediente, ni de las alegaciones del señor Cesáreo Rosado, la respuesta de la División de Remedios Administrativos sobre este asunto.

Tras evaluar el recurso presentado, para lograr el más eficiente despacho del asunto, prescindimos de solicitar ulteriores escritos no jurisdiccionales, a tenor con la Regla 7(B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

**II.**

**A.**

Es norma reiterada que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con ésta son privilegiados y deben atenderse con prioridad. Torres Alvarado v. Madera Atiles, 202 DPR 495 (2019); Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254 (2018). Al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho

foro examinará y evaluará con rigurosidad el asunto jurisdiccional como parte de su deber ministerial, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. Torres Alvarado v. Madera Atiles, *supra*; Ruiz Camilo v. Trafon Group, Inc., *supra*; Yumac Home v. Empresas Massó, 194 DPR 96, 103 (2015). De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Torres Alvarado v. Madera Atiles, *supra*; Ruiz Camilo v. Trafon Group, Inc., *supra*.

**B.**

Nuestra función como foro apelativo está limitada por la Ley 201-2003 conocida como Ley de la Judicatura del Estado Libre Asociado de Puerto Rico que dispone en el Art. 4.006 (c) que el Tribunal de Apelaciones tendrá competencia, "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones **finales** de **organismos o agencias administrativas**." (Énfasis nuestro).  24 LPRA sec. 24y.

Cónsono a ello, la Regla 56 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, establece lo siguiente:

> Esta parte gobernará el trámite de las revisiones de todos los recursos instados ante el Tribunal de Apelaciones para la revisión de las decisiones, reglamentos, **órdenes, resoluciones y providencias finales** dictadas por organismos o agencias administrativas o por sus funcionarios(as), ya sea en su función adjudicativa o cuasi legislativa, conforme lo dispuesto en ley. (énfasis nuestro)

A su vez, la Regla 57 del Reglamento del Tribunal de Apelaciones, establece que el escrito inicial de revisión deberá ser presentado dentro del término jurisdiccional de **treinta (30)** días contados a partir de la fecha del archivo en autos de la copia

de la notificación de la orden o resolución **final** del organismo o agencia. [...].4 LPRA, XXII-B, R. 57.

De otro lado, la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, según enmendada, 3 LPRA secs. 9601 *et. seq.* [en adelante, "LPAU"], rige los procedimientos reglamentarios y adjudicativos realizados por las agencias administrativas. Pérez López v. Depto. Corrección, 208 DPR 656 (2022). En particular, la sección 4.2 de LPAU dispone como sigue:

> Una parte adversamente afectada por una orden o **resolución final** de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

> Una orden o resolución interlocutoria de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, no serán revisables directamente. [...]

3 LPRA sec. 9672

Vemos que para que una orden o resolución administrativa sea judicialmente revisable, al momento de presentar el recurso deben estar presentes los elementos siguientes: (1) que la resolución que se pretenda revisar sea final y no interlocutoria; y (2) que la parte adversamente afectada por la orden haya agotado los remedios provistos por la agencia. Pérez López v. Depto. Corrección, *supra;* Depto. Educ. v. Sindicato Puertorriqueño, 168 DPR 527, 543 (2006).

Así pues, el Reglamento del Tribunal de Apelaciones, junto a otras reglas y leyes, regula el trámite y perfeccionamiento de

los recursos apelativos. Pérez Soto v. Cantera Pérez, Inc. et al., 188 DPR 98 (2013). Entre los requisitos para perfeccionar el recurso apelativo se encuentran la presentación oportuna del recurso en la Secretaría del Tribunal de Apelaciones, lo que incide en la jurisdicción del tribunal. Pérez Soto v. Cantera Pérez, Inc. et al., *supra*.

A su vez, para disponer de los recursos de revisión administrativa ante nuestra consideración, la Regla 59 (E) del Reglamento del Tribunal de Apelaciones, *supra*, establece la forma en que se presentarán los escritos ante este foro. El escrito de revisión deberá contener como parte del apéndice copia literal de: las alegaciones de las partes ante la agencia; la orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita; toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión; toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión, o que sean relevantes a ésta; cualquier otro documento que forme parte del expediente original en la agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia. Regla 59 (E)(1), incisos a, c, d, e, f.

Nuestro sistema judicial es adversativo y rogado, el cual descansa sobre la premisa de que las partes son los mejores guardianes de sus derechos e intereses. Bco. Bilbao v. González Zayas, 155 DPR 589, 594 (2001); SLG Llorens v. Srio. De Justicia, 152 DPR 2, 8 (2000). El incumplimiento con las disposiciones reglamentarias sobre los recursos presentados en el Tribunal de Apelaciones puede conllevar la desestimación. Pueblo

v. Rivera Toro, 173 DPR 137 (2008); Cárdenas Maxán v. Rodríguez, 119 DPR 642 (1987). El Tribunal Supremo ha resuelto que el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica el incumplimiento de éstas con las reglas procesales. Febles v. Romar Pool Construction, 159 DPR 714 (2003). En consecuencia, procede la desestimación de un recurso por incumplimiento al Reglamento, cuando éste haya provocado un "impedimento real y meritorio para que el tribunal pueda atender el caso en los méritos". Pueblo v. Rivera Toro, *supra,* citando a Román Velázquez v. Román Hernández, 158 DPR 163, 167-168 (2002).

### III.

De acuerdo con la mencionada normativa, hemos revisado detenidamente el escrito de Cesáreo Rosado en el que expresa que en el expediente penal del Departamento de Corrección le aplicaron dos años de más a su sentencia.  No obstante, del escrito del señor Cesáreo Rosado no surge que este acuda ante nuestro foro para cuestionar una determinación **final** de la agencia sobre referido asunto*.* El documento más reciente que el peticionario incluyó en el apéndice es una Solicitud de Reconsideración ante la División de Remedios Administrativos firmada el 20 de marzo de 2022. De ese momento a la fecha del presente recurso ha transcurrido más de diez meses.  El peticionario no nos informó en su recurso el desenlace de referida moción de reconsideración.  Tampoco incluyó la determinación final de la agencia sobre ese procedimiento, de forma tal que nos permita examinar si el recurso se presentó a tiempo en nuestro foro y así precisar nuestra jurisdicción.

De manera que, el peticionario no hizo referencia, ni acompañó documento administrativo alguno, susceptible de ser

revisado por nosotros, lo que nos impide evaluar su recurso. Sabido es que somos un foro revisor, y si no existe ni se nos provee un dictamen anterior final sobre el asunto que aquí se nos presenta, no tenemos facultad para atender la petición.    Como foro apelativo nuestra jurisdicción, mediante recurso de revisión judicial, está limitada a revisar determinaciones **finales** de las agencias.    Al carecer el recurso ante nuestra consideración un dictamen revisable, elemento esencial para revisión, tenemos el deber de declararnos sin jurisdicción y desestimar el recurso.

**IV.**

Por los fundamentos antes expresados, se desestima el recurso de epígrafe.

Instruimos al Secretario del Departamento de Corrección y Rehabilitación a entregar copia de esta resolución al peticionario, en la institución donde este se encuentre.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones