ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| ORLANDO APONTE ROSARIO<br><br>Recurrido<br><br>v.<br><br>ELIZABETH TORRES ALVARADO<br><br>Peticionaria | KLCE202400714 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>CIVIL Núm.: BY2023RF00768<br><br>Sobre: Divorcio- Ruptura Irreparable |

Panel integrado por su presidente el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de julio de 2024.

Este Recurso de Certiorari se presentó el 1 de julio de 2024 por la peticionaria, Elizabeth Torres Alvarado. Junto con el recurso se presentó Urgente Solicitud de Paralización, presentada por la parte peticionaria también el 1 de julio de 2024 y este Tribunal la decretó No Ha Lugar mediante Resolución del mismo día en que se presentó el recurso y la solicitud de paralización.

Sobre el Recurso, en la misma Resolución inicial, este Tribunal le concedió a la parte recurrida para presentar su posición sobre el recurso. Luego, a dicha recurrida se le concedió una corta prórroga y ya ha comparecido con Moción en Oposición a Expedición Auto Certiorari.

Con la comparecencia de ambas partes, damos por perfeccionado el presente recurso y procedemos a resolverlo negando la expedición de este auto aquí solicitado.

Número Identificador

RES2024 _____

**I.**

Este caso se originó el 3 de mayo de 2023, cuando el aquí recurrido presentó una Demanda de divorcio. Allí el recurrido solicitó la custodia compartida de los hijos menores, relaciones paternofiliales y el establecimiento de una pensión alimenticia en favor de los menores de edad. Dicha Demanda se presentó en el Tribunal Superior de Puerto Rico, Sala Superior de Bayamón (TPI).

Luego de incidentes procesales, la vista para establecer una pensión provisional en favor de los menores se llevó a cabo el 29 de junio de 2024 ante la Examinadora de Pensiones Alimenticias (EPA).

La EPA recomendó una pensión alimentaria al padre no custodio de $2,317.95 y un 37% en cuanto a suplementaria gastos de Salud no cobijados por el plan médico, gastos escolares extraordinarios y cualesquiera otros gastos extraordinarios requeridos. Allí, aunque el recurrido había renunciado a su escaño legislativo efectivo el 28 de junio de 2023, en esa recomendación de pensión provisional se tomó en cuenta dicho salario legislativo.

Se pautó vista final para el 18 de septiembre de 2023 y la Examinadora de Pensiones Alimentarias rindió un informe el 20 de julio de 2023.[1] El TPI en la misma fecha del Informe antes mencionado emitió Resolución aceptando e incorporando las recomendaciones esbozadas por la EPA en su informe.[2]

Es importante mencionar que la Peticionaria presentó al TPI en octubre de 2023, la Inhibición de la Hon. Enid M. Gavilán Pérez, siendo esta la segunda solicitud de Inhibición presentada por la peticionaria en el caso. También solicitó la inhibición o remoción del caso, a la trabajadora social Marlene Rivera Rivera, ello previo

---

[1] Ver páginas 4,5,9,13,14 del Apéndice a la Petición.
[2] Ver páginas 18-21 del Apéndice a la Petición. (Resolución Provisional)

al vencimiento de término para la presentación de su informe de recomendaciones finales. Ello provocó el inicio del proceso con otra Trabajadora Social.

Luego de múltiples eventos procesales, finalmente otra nueva Jueza, luego de que prevaleciera otra petición de recusación a la segunda Jueza que atiende el caso, se emite por esa tercera jueza asignada al caso, una Resolución y Orden el 27 de junio de 2024 y contra esa se presenta este Recurso.

La Parte peticionaria presentó el recurso que aquí atendemos y reclama el siguiente error:

> **PRIMER ERROR**: Erró el Honorable Tribunal de Primera Instancia al dictar Resolución y Orden mediando pasión, prejuicio, parcialidad o error manifiesto al dejar sin efecto su Resolución previa en torno a la imputación de ingresos al demandante, al ordenar la celebración de una vista en menos de 24 horas, con unas determinaciones lesivas a los intereses y bienestar de los menores, de la cual no pudo solicitar Reconsideración en violación al debido proceso de ley, prohibiendo la presentación de testigos, incluyendo las partes, imponiéndole a la EPA, atender la determinación de una segunda pensión provisional, **<u>únicamente</u>**, con la evidencia que obra en el expediente del caso y requiriéndole a la compareciente proveer información económica y financiera de un tercero en el caso, en este caso y su patrono, con el propósito de imputarle como ingresos gastos que no son parte de su salario y beneficios y que son gastos que forman parte de lo que constituye la pensión básica, según las guías mandatorias para fijar y modificar las pensiones alimentarias en Puerto Rico.

Veamos el derecho aplicable.

## II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. <u>Torres González v. Zaragoza Meléndez</u>, 211 DPR 821 (2023); <u>McNeil Healthcare v.</u>

Mun. Las Piedras I, 206 DPR 391 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012).

Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del foro apelativo. Torres González v. Zaragoza Meléndez, *supra*; Medina Nazario v. McNeill Healthcare LLC, 194 DPR 723, 729 (2016). Así, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*. En el ámbito judicial, la discreción del tribunal revisor no debe abstraerse del resto del Derecho y, por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera. Mun. Caguas v. JRO Construction, 201 DPR 703, 712 (2019); IG Builders et al. v. BBVAPR, *supra*, pág. 338.

En particular, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, establece los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones sobre el referido recurso para la revisión de sentencias y resoluciones dictadas por el Tribunal de Primera Instancia. Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 207 (2023); McNeil Healthcare v. Mun. Las Piedras I, *supra*; Mun. de Caguas v. JRO Construction, 201 DPR 703, 709 (2019). En lo que nos atañe, esta regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias

dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso *Certiorari*, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros de instancia ostentan un alto grado de discreción en el manejo procesal de un caso. Meléndez Vega v. Caribbean Intl. News, 151 DPR 649, 664 (2000). Como es sabido, en nuestro ordenamiento jurídico impera la norma de que un tribunal apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción. García v. Asociación, 165 DPR 311 (2005); Meléndez Vega v. Caribbean Intl. News, *supra*, pág. 664; Lluch v. España Service Sta., 117 DPR 729 (1986); Valencia Ex Parte, 116 DPR 909 (1986). El adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414 (2013); Rivera Durán v. Banco Popular, 152 DPR 140, 155 (2000). Por ende, si no se encuentra presente en la petición ante nuestra consideración ninguno de los criterios antes transcritos y la actuación del foro primario "no está desprovista de base razonable ni perjudica derechos sustanciales de una parte, lo lógico es que prevalezca el criterio del juez de instancia a quien corresponde la dirección del proceso". Sierra v. Tribunal Superior, 81 DPR 554, 572 (1959). De manera que, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. Rivera Durán v. Banco Popular, *supra*, pág. 154.

En armonía a lo anterior, sabido es que nuestro sistema judicial es adversativo y rogado, el cual descansa sobre la premisa de que las partes son los mejores guardianes de sus derechos e

intereses. <u>Bco. Bilbao v. González Zayas</u>, 155 DPR 589, 594 (2001); <u>SLG Llorens v. Srio. De Justicia</u>, 152 DPR 2, 8 (2000).

Es norma reiterada en nuestro ordenamiento jurídico que, en ausencia de un craso abuso de discreción o arbitrariedad por parte del TPI, los tribunales apelativos no intervendrán con sus determinaciones interlocutorias discrecionales procesales. *García v. Asociación*, 165 DPR 311, 322 (2005).

A la luz de la mencionada normativa, evaluamos.

### III.

En síntesis, la peticionaria señala que el foro recurrido erró al no permitirle demostrar su verdadero salario y no permitirle toda la prueba que ella alega tener, pero nunca ha identificado como piensa aclarar las dudas sobre sus ingresos. No tiene razón. El foro primario concluyó igual que los recurridos, que la peticionaria deberá atender una vista pautada para septiembre de 2024 y allí se determinará cual debe ser la pensión alimentaria de los menores.

Aquí realmente nos enfrentamos a una entidad jurídica, que es el patrono de la peticionaria, que no parece querer descubrir la verdad sobre los ingresos de la peticionaria, que es su empleada. Además, la peticionaria ha dilatado estos procedimientos demasiadas veces y recurre a este foro contra una Resolución interlocutoria que se limita a mantener una pensión provisional y este tipo de órdenes no es el que debe traerse a este foro en esta etapa del caso.

El análisis del derecho aplicable a la orden contra la que se recurre es correcto. Con esa determinación no encontramos fundamento para expedir el auto de *certiorari*. Este caso se encuentra en una etapa temprana en la que no intervendremos, en espera de que el TPI siga y culmine la controversia allí

planteada. Nada impide que la parte que resulte insatisfecha con la determinación final acuda a este foro intermedio.

En fin, en esta etapa no hay prueba en el expediente tendente a demostrar que el foro primario abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. Así, en el ejercicio de la sana discreción que nos permite la Regla 40 del Tribunal Apelaciones, *supra,* resolvemos denegar la presente petición de *certiorari*.

## IV.

Por los fundamentos ante expuestos, ***denegamos*** expedir el Auto solicitado contra la *Resolución* emitida por el TPI.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones