ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| PEDRO AMADO ROMERO ROSA<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrido | KLRA202400596 | *REVISIÓN ADMINISTRATIVA* procedente de la Junta de Libertad Bajo Palabra<br><br>Caso Núm.: 133000<br>Confinado Núm.: T4-29427<br><br>Sobre:<br>Decisión de la Junta de Libertad bajo Palabra |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 31 de octubre de 2024.

Comparece Pedro Amado Romero Rosa, por derecho propio y en forma *pauperis*, mediante un escrito titulado *Apelación*, el cual fue acogido en la Secretaría del Tribunal como una *Revisión Administrativa*.

Por los fundamentos que expondremos a continuación, desestimamos el presente recurso por falta de jurisdicción*.*

## I.

El señor Romero Rosa es miembro de la población correccional de la Institución Guayama 1,000. Mediante escrito de fecha 30 de septiembre de 2024 nos solicita que se le conceda el privilegio de libertad bajo palabra. Alegó que fue sancionado, sin vista, y se le subió la custodia de mínima a mediana. Expresó que cumplió con las sanciones, se benefició del proceso grupal de patrones adictivos y que el 9 de mayo de 2024, se le otorgó un certificado.

Número Identificador

SEN2024_____

Agregó que el 13 de septiembre de 2024, del programa de la comunidad, fueron a entrevistar a la señora Brenda Liz Jiménez Maldonado, persona que designó para el hogar propuesto. Que a esta le realizaron una prueba de dopaje, sin que esto estuviera contemplado en el Reglamento número 9232 de la Junta de Libertad Bajo Palabra. Agregó que cuenta con una segunda residencia y con un amigo consejero. Sostuvo que, si el área de sociales no realiza los informes completos, no se le debe penalizar. Por lo que, solicitó que se tome acción correctiva en la determinación de la Junta de Libertad Bajo Palabra.

Evaluado el escrito, no surge de las alegaciones de Romero Rosa, la fecha en la Junta de Libertad Bajo Palabra presuntamente emitió la determinación que interesa que revisemos. Tampoco incluyó documento alguno relacionado a su petitorio.

Tras evaluar el recurso presentado, para lograr el más eficiente despacho del asunto, prescindimos de solicitar ulteriores escritos no jurisdiccionales, a tenor con la Regla 7(B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

**II**.

**A.**

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí. R&B Power Inc. v. Junta de Subasta ASG, 2024 TSPR 24, 213 DPR ___ (2024); Matos, Sostre v. Registradora, 2023 TSPR 148, 213 DPR ___ (2023); Pueblo v. Torres Medina, 211 DPR 950 (2023); FCPR v. ELA et al., 211 DPR 521, 529 (2023); Cobra Acquisitions v. Mun. Yabucoa, et al., 210 DPR 384, 394 (2022); Pueblo v. Rivera Ortiz, 209 DPR 402, 414 (2022). Es norma reiterada que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con ésta

son privilegiados y deben atenderse con prioridad. Municipio de Aguada v. W. Construction, LLC y otro, 2024 TSPR 69, 213 DPR ___ (2024), res. 21 de junio de 2024; Torres Alvarado v. Madera Atiles, 202 DPR 495 (2019); Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254 (2018). Al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, el foro examinará y evaluará con rigurosidad el asunto jurisdiccional. Municipio de Aguada v. W. Construction, LLC y otro, *supra*; Torres Alvarado v. Madera Atiles, *supra*; Ruiz Camilo v. Trafon Group, Inc., *supra*. De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Municipio de Aguada v. W. Construction, LLC y otro, *supra*; Matos, Sostre v. Registradora*, supra;* Torres Alvarado v. Madera Atiles, *supra*; Ruiz Camilo v. Trafon Group, Inc., *supra;* Oriental Bank v. Quiñones Vigo*,* 209 DPR 384, 390 (2022).

**B.**

Nuestra función como foro apelativo está limitada por la Ley 201-2003 conocida como Ley de la Judicatura del Estado Libre Asociado de Puerto Rico que dispone en el Art. 4.006 (c) que el Tribunal de Apelaciones tendrá competencia, "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones **finales** de **organismos o agencias administrativas**." (Énfasis nuestro). 24 LPRA sec. 24y.

Cónsono a ello, la Regla 56 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, establece lo siguiente:

> Esta parte gobernará el trámite de las revisiones de todos los recursos instados ante el Tribunal de Apelaciones para la revisión de las decisiones, reglamentos, **órdenes, resoluciones y providencias finales** dictadas por organismos o

agencias administrativas o por sus funcionarios(as), ya sea en su función adjudicativa o cuasi legislativa, conforme lo dispuesto en ley. (Énfasis dado)

A su vez, la Regla 57 del Reglamento del Tribunal de Apelaciones, establece que el escrito inicial de revisión deberá ser presentado dentro del término jurisdiccional de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia. […].4 LPRA, XXII-B, R. 57.

De otro lado, la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, según enmendada, 3 LPRA secs. 9601 *et. seq.* [en adelante, "LPAU"], rige los procedimientos reglamentarios y adjudicativos realizados por las agencias administrativas. Pérez López v. Depto. Corrección, 208 DPR 656, 674 (2022). En particular, la sección 4.2 de LPAU dispone como sigue:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.
>
> Una orden o resolución interlocutoria de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, no serán revisables directamente. […]

3 LPRA sec. 9672

Así pues, el Reglamento del Tribunal de Apelaciones, junto a otras reglas y leyes, regula el trámite y perfeccionamiento de los recursos apelativos. Pérez Soto v. Cantera Pérez, Inc. et al., 188 DPR 98, 104 (2013). Entre los requisitos para perfeccionar

el recurso apelativo se encuentran la presentación oportuna del recurso en la Secretaría del Tribunal de Apelaciones, lo que incide en la jurisdicción del tribunal. <u>Pérez Soto v. Cantera Pérez, Inc. et al</u>., *supra*.

En atención a ese trámite, la Regla 59 del Reglamento del Tribunal de Apelaciones, *supra*, establece los requisitos que validan el contenido de un recurso de revisión judicial:

(C) Cuerpo

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

(a) En la comparecencia, el nombre de los recurrentes.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.

(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, **la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes**. **También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión**. Además, se especificará cualquier otro recurso sobre el mismo caso o asunto que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

[……..]

(E) Apéndice

(1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del Apéndice.

**(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.**

**(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.**

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia. (Énfasis suplido).

[…]

Por último, es menester reafirmar que "nuestro sistema es uno adversativo de derecho rogado que descansa en la premisa de que las partes, cuidando sus derechos e intereses, son los mejores guardianes de la pureza de los procesos, y de que la verdad siempre aflore". Fund. Surfrider y otros v. ARPE, 178 DPR 563, 585 (2010); Bco. Bilbao v. González Zayas, 155 DPR 589, 594 (2001). La marcha ordenada y efectiva de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico. Soto Pino v. Uno Radio Group, 189 DPR 84, 90 (2013).

Así pues, se ha reiterado que "el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial." Pino v. Uno Radio Group, supra; Cárdenas Maxán v. Rodríguez, 119

DPR 642, 659 (1987).  En ese sentido, las normas que rigen el perfeccionamiento de todos los recursos apelativos deben observarse rigurosamente. Pino v. Uno Radio Group, supra; Rojas v. Axtmayer Ent., Inc., 150 DPR 560, 564 (2000).  Ello es así pues el incumplimiento con las disposiciones reglamentarias sobre los recursos presentados en el Tribunal de Apelaciones puede conllevar la desestimación. Pueblo v. Rivera Toro, 173 DPR 137, 145 (2008); Cárdenas Maxán v. Rodríguez, supra.

De manera que, para salvaguardar las normas de Derecho Procesal Apelativo, se debe cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos ante la consideración de un foro revisor.  Pino v. Uno Radio Group, supra; Matos v. Metropolitan Marble Corp., 104 DPR 122, 125 (1975). El Tribunal Supremo ha resuelto que el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica el incumplimiento de éstas con las reglas procesales. Febles v. Romar Pool Construction, 159 DPR 714, 722 (2003).

Esta norma es necesaria para que se coloque a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí. Pino v. Uno Radio Group, supra. En consecuencia, procede la desestimación de un recurso por incumplimiento al Reglamento, cuando éste haya provocado un "impedimento real y meritorio para que el tribunal pueda atender el caso en los méritos". Pueblo v. Rivera Toro, supra.

### III.

Tomando como norte la antes mencionada normativa, revisamos.  El señor Romero Rosa presentó un escrito en el que nos solicita que le concedamos la libertad bajo palabra.  El

contenido de su escrito se limita a expresar que lo subieron a custodia mediana, que cuenta con un amigo consejero y con una segunda residencia. Señaló que la persona que había designado como hogar propuesto fue entrevistada y le realizaron una prueba de dopaje, no contemplada en el reglamento de la Junta de Libertad Bajo Palabra. Luego nos solicitó que tomemos la acción correctiva en la determinación de la Junta de Libertad Bajo Palabra.

Vemos que el Recurrente alude a ciertos hechos y trámites, sin embargo, no expuso ningún señalamiento de error atribuible a la Junta de Libertad Bajo Palabra, que a su vez nos permita atender los pormenores de su reclamo. Más aun, nos solicita que corrijamos la determinación de la Junta, pero no incluyó copia de la aludida determinación.

Ese documento es esencial para poder conocer los fundamentos en los que la Junta se amparó al emitir su alegada decisión. El Recurrente, en su escrito, tampoco hizo referencia a la fecha en que la Junta emitió su decisión y le notificó esta, incumpliendo así con el debido trámite.

De manera que, el Recurrente no hizo referencia, ni acompañó documento administrativo alguno, susceptible de ser revisado por nuestro Foro, lo que nos impide evaluar su recurso. Esta falta también nos imposibilita determinar si presentó el recurso a tiempo, con el fin de precisar nuestra jurisdicción.

Sabido es que somos un foro revisor, y si no se nos provee un dictamen anterior final sobre el asunto que aquí se nos presenta y los fundamentos de su reclamo, no tenemos facultad para atender la petición. Al carecer el recurso de la información y documentación esencial para que podamos ejercer nuestra

función revisora, tenemos el deber de declararnos sin jurisdicción y desestimar la acción.

**IV.**

Por los fundamentos antes expresados, se desestima el recurso de epígrafe.

El Departamento de Corrección y Rehabilitación deberá entregar copia de esta determinación al Recurrente en la institución donde este se encuentre.

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones