EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Edgardo Llorens Quiñones etc<br>        Demandante-Peticionario<br><br>        v.<br><br>Pedro Pierluisi, Secretario de Justicia de Puerto Rico etc.<br>        Demandado-Recurrido | Certiorari<br><br>2000 TSPR 138 |
| --- | --- |

Número del Caso: CC-2000-0543

Fecha: 26/09/2000

Tribunal de Circuito de Apelaciones: Circuito Regional V

Juez Ponente:  Hon. Rivera Pérez

Abogado de la Parte Peticionaria:

                    Lcdo. Raúl Santiago Meléndez

Oficina del Procurador General:

                    Lcda. Leticia Casalduc Rabell
                    Procuradora General Auxiliar

Departamento de Justicia:

                    Lcda. Mónica Rodríguez Madrigal

Materia: Daños y Perjuicios

    Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

Edgardo Llorens Quiñones, por sí, y
en representación de la sociedad
legal de gananciales compuesta por él
y su esposa Rosario Valedón Jiménez

    Peticionarios


       v.                                    CC-2000-543


Pedro Pierluisi, Secretario
de Justicia de Puerto Rico, et als.

    Recurridos

PER CURIAM
(Regla 50)


San Juan, Puerto Rico, a 26 de septiembre de 2000


Hoy nos toca resolver, a la luz de la Regla 46 de Procedimiento Civil, según enmendada por la Ley Núm. 40 de 10 de enero de 1999, 32 L.P.R.A. Ap. III, que efecto, si alguno, tiene sobre la prueba aportada por el peticionario –un sobre timbrado del tribunal de instancia con el matasellos de la fecha del depósito en el correo– para probar que no hubo simultaneidad entre la fechas del archivo en autos de copia de la notificación de la sentencia y el depósito en el correo de la misma, el que la parte contraria acepte que en realidad hubo un desfase entre las fechas de archivo en autos y el envío por correo.


I


El 22 de abril de 1999, el Tribunal de Primera Instancia, Sala Superior de Ponce, dictó una sentencia sumaria parcial mediante la cual desestimó, por prescripción, una reclamación en daños y perjuicios por alegadas violaciones de derechos civiles. Copia de la notificación de dicha sentencia fue archivada en autos el 5 de noviembre.

Inconforme con esta determinación, el 23 de noviembre de 1999, la parte demandante, aquí peticionaria, Edgardo Llorens Quiñones, por sí, y en representación de la sociedad de bienes gananciales compuesta por él y su esposa Rosario Valedón Jiménez (en adelante Llorens Quiñones), presentó una moción de reconsideración. El 29 de noviembre de 1999 el foro de instancia emitió una orden concediéndole término a la parte demandada, aquí recurrida, para que se expresara. Tras varios trámites procesales, el 31 de enero de 2000, el tribunal de instancia denegó la reconsideración. Adujo, en lo esencial, que dicho foro carecía de jurisdicción para entender en la moción de reconsideración, toda vez que ésta

había sido radicada fuera del término jurisdiccional de quince (15) días que dispone la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap III. Señaló que la notificación de la sentencia sumaria parcial fue archivada en autos el 5 de noviembre de 1999 y, por lo tanto, la parte demandante tenía hasta el lunes 22 de noviembre, por ser el 20 sábado, para presentar la moción de reconsideración. No obstante, la moción fue presentada el 23 de noviembre, un día tarde. Copia de la notificación de la resolución fue archivada en autos el 3 de febrero de 2000.

Inconforme con esta determinación, el 6 de marzo la parte demandante recurrió ante el Tribunal de Circuito de Apelaciones (Tribunal de Circuito) planteando la comisión de dos (2) errores: que el tribunal de instancia erró al determinar que la acción de daños estaba prescrita; y que carecía de jurisdicción para entender en el recurso.

El 30 de marzo dicho tribunal desestimó el recurso por falta de jurisdicción. Adujo, que el archivo en autos de copia de la notificación de la sentencia sumaria parcial apelada fue el 5 de noviembre de 1999, y que el término jurisdiccional de sesenta (60) días para presentar el recurso de apelación venció el 4 de enero, por lo tanto, el Tribunal de Circuito carecía de jurisdicción para atender los méritos del mismo. Determinó, además, que el sobre con el matasellos de 8 de noviembre de 1999, presentado por el apelante, aquí peticionario, "no constitu[ía] una acreditación fehaciente de la fecha a partir de la cual comenzó a decursar el término" para presentar la apelación, toda vez que no había forma de constatar que dicho sobre, en efecto, correspondía al sobre donde se notificó la sentencia sumaria parcial recurrida.[1]

II

---

[1] Cabe señalar que, para la fecha en que ocurrieron los eventos, la única documentación que podía evidenciar estos hechos era precisamente el sobre en el cual se remitió la notificación. En las Secretarías de los tribunales de instancia no se conservaba récord alguno sobre cuándo se había llevado a cabo el depósito en el correo. La única otra evidencia sería de forma testifical, del abogado o el personal de su oficina que recibió el sobre o de la parte contraria. Fue por estas razones que en <u>Jorge E. Martínez, Inc.</u> v. <u>Abijoe Realty Corp.</u>, Op. de 12 de mayo de 2000, 151 D.P.R. ___ (2000), 2000 JTS 85, indicamos que las Secretarías de los tribunales deberían remitir dichas **"notificaciones a la división de correos el mismo día en que conste el archivo en autos. Una vez sellados y franqueados los sobres, el funcionario de correos deberá depositar dicha correspondencia en hora hábil ese día, directamente en la oficina de correos (U.S.P.S.). Cuando se aparte de esa práctica por alguna razón justificada, debe levantarse un acta o anotarse en un registro las razones que impidieron el envío oportuno. De este modo, cualquier alegación de parte afectada debido a la falta de simultaneidad entre el archivo en autos y su envío podrá corroborarse con los récords oficiales del tribunal correspondiente"**. En vista de estos planteamientos notificamos esta opinión a la Directora de la Administración de los Tribunales "para la verificación e implantación correspondiente en las secretarías de los tribunales".

Una vez más nos confrontamos con problemas que han surgido a raíz de la aprobación de la Ley Núm. 40, supra, que enmendó la Regla 46 de Procedimiento Civil. Recientemente, en _Jorge E. Martínez, Inc. v. Abijoe Realty Corp._, Op. de 12 de mayo de 2000, 151 D.P.R. __ (2000), 2000 JTS 85, analizamos el alcance de la enmienda y su importancia con respecto a las notificaciones de dictámenes que generan términos jurisdiccionales o de cumplimiento estricto. De otra parte, en _Román Acosta v. Kmart Corporation_, Op. de 30 de junio de 2000, 151 D.P.R. __ (2000), 2000 JTS 123, tuvimos la oportunidad de aclarar cuál es su alcance con respecto a dictámenes de tipo interlocutorio.

En _Jorge E Martínez, Inc. v. Abijoe Realty Corp._, supra, al confrontarnos con una situación similar a la de autos expresamos:

> Cuando la fecha del archivo en autos fuere distinta a su depósito en el correo, la mejor práctica a seguir por un apelante o peticionario sería incluir en el Apéndice de su escrito –junto al recibo del archivo en autos de copia de la notificación de sentencia– copia del sobre sellado y timbrado en que consta la fecha del depósito en correo de la notificación del dictamen judicial correspondiente.

Aclaramos, además, que la parte opositora podía traer a la consideración del tribunal, de forma fehaciente, cualquier discrepancia que hubiera sobre este asunto.

Con relación a la inclusión en el Apéndice del sobre que indica la fecha de depósito en el correo, en _Jorge E. Martínez, Inc. v. Abijoe Realty Corp._, supra, en el esc. 7 de dicha Opinión indicamos:

> [E]l Reglamento de este Tribunal y del Circuito no exigen taxativamente la inclusión del sobre, pues fueron aprobadas antes de la Ley Núm. 40. Estamos ante una situación que se aparta de la norma general de simultaneidad y configura una anomalía indeseable causada por la Secretaría del Tribunal recurrido. La mejor práctica es que se incluya en el Apéndice el sobre de envío. _Sin embargo, no podemos concluir que su omisión produce automáticamente y de forma fatal la falta de perfeccionamiento de recurso en tiempo, que a su vez genera la falta de jurisdicción. Ahora bien, si una vez señalada la falta, el peticionario o el apelante (según sea el caso) la subsana con prontitud, el tribunal no carecería de jurisdicción_. (Énfasis suplido.)

Este mismo criterio lo reiteramos en _Román Acosta v. Kmart Corporations_, supra. Allí expresamos específicamente que "el no incluir el sobre como prueba no acarrea automáticamente falta de jurisdicción si, señalada la omisión, el peticionario la subsana con prontitud."

En el caso de autos el peticionario no solo presentó con prontitud el sobre que evidenciaba el depósito en el correo de la notificación tres (3)

días más tarde del archivo en autos de copia de la notificación de la sentencia, sino que la parte contraria, el Estado, representado por el Procurador General, admitió que hubo un desfase entre los dos eventos que activó la enmienda a la Regla 46, por lo que el término para presentar la reconsideración se había extendido hasta el 23.[2]

Indudablemente la aceptación de este hecho avaló la prueba presentada por el peticionario –el sobre con el matasellos de fecha 8 de noviembre de 1999– y desvaneció cualquier duda que el tribunal pudo haber tenido sobre el contenido del sobre. Después de todo, nuestro sistema es uno adversativo de derecho rogado que descansa en la premisa de que las partes, cuidando sus derechos e intereses, son los mejores guardianes de la pureza de los procesos y de que la verdad siempre aflore.

Por las razones antes expuestas, se revoca la sentencia recurrida y se devuelve el caso al Tribunal de Circuito de Apelaciones para que continúe el caso de forma compatible con lo aquí resuelto.

Se dictará la correspondiente sentencia.

---

[2] En su alegato ante el Tribunal de Circuito el Procurador General expresó:
Tiene razón la parte apelante [peticionario] de epígrafe en señalar que el tribunal erró al determinar que no había jurisdicción para considerar la moción de reconsideración. Esta fue radicada dentro del término fatal dispuesto por la Regla 47 [sic], según enmendada por la Ley Núm. 40 de 10 de enero de 1999." Replica del Procurador General ante el Tribunal de Circuito, de 3 de abril de 2000.

EN El TRIBUNAL SUPREMO DE PUERTO RICO


Edgardo Llorens Quiñones, por sí, y
en representación de la sociedad
legal de gananciales compuesta por él
y su esposa Rosario Valedón Jiménez

    Peticionarios


       v.                         CC-2000-543


Pedro Pierluisi, Secretario
de Justicia de Puerto Rico, et als.

    Recurridos


SENTENCIA


San Juan, Puerto Rico, a 26 de septiembre de 2000


Por las razones expuestas en la Per Curiam que antecede, la cual se hace formar parte integral de la presente, se revoca la sentencia recurrida y se devuelve el caso al Tribunal de Circuito de Apelaciones para que continúe el caso de forma compatible con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Rebollo López y Hernández Denton concurren sin opinión escrita. El Juez Asociado señor Rivera Pérez no intervino.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo