ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>Apelada<br><br>V.<br><br>JB INTERNATIONAL CORP.; JORGE BARED RODRÍGUEZ, KASSANDRA FREYRE ACEVEDO y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA ENTRE AMBOS y JB JEWELRY GROUP CORP.<br><br>Apelantes | KLAN202400543 | *APELACION* procedente del Tribunal de Primera Instancia Sala de San Juan<br><br>Caso Núm. SJ2022CV00675<br><br>Sobre:<br><br>Cobro de Dinero |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 11 de julio de 2024.

JB International Corp.; Jorge Bared Rodríguez, Kassandra Freyre Acevedo y La Sociedad Legal de Bienes Gananciales Compuesta Entre Ambos y JB Jewelry Group Corp. (en conjunto, los Apelantes) solicitan la revocación de una *Resolución* emitida y notificada el 1 de mayo de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). Mediante esta, el foro de instancia declaró No Ha Lugar la *Urgente Moción de Reconsideración* presentada por los Apelantes.

Este Recurso, fue denominado *Apelación y evaluado como Certiorari,* manteniendo el mismo alfanumérico ya asignado, fue presentado por las partes denominadas apelantes en el Epígrafe, el 3 de junio de 2024.

Número Identificador

RES2024 _____

Se le concedió a parte denominada apelada en el Epígrafe, hasta el **3 de julio de 2024** para presentar su posición en torno al recurso y no lo hizo.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto solicitado.

## I.

El 1 de febrero de 2022, Banco Popular de Puerto Rico (BPPR o la Apelada) presentó una *Demanda* sobre cobro de dinero contra los Apelantes.[1] Adujo que JB International Corp. suscribió un *Pagaré* mediante el cual BPPR le prestó $151,000.00. Añadió que se suscribió una *Enmienda al Pagaré o Contrato de Préstamo* por medio de la cual BPPR le concedió una moratoria de sesenta (60) días. La Apelada alegó, además, que JB International Corp. dejó de pagar las mensualidades vencidas y ha incurrido en incumplimiento de dicha obligación contractual.

Por otro lado, el 4 de abril de 2022, los Apelantes presentaron una *Moción Solicitando Desestimación de la Demanda*.[2] Argumentaron que el caso de epígrafe es una acción en cobro de un pagaré de naturaleza mercantil, cuya fecha de vencimiento era el 23 de enero de 2021.

En respuesta, el 25 de mayo de 2022, BPPR presentó una *Oposición a Moción Solicitando Desestimación de la Demanda*. Alegó que las acciones de los Apelantes derrotaron cualquier presunción de que el mismo fuera un contrato mercantil porque del mismo *Pagaré* surge que la facilidad de crédito extendida fue un Préstamo a Término. Arguyó, también, que su fin comercial y/o mercantil, de haberlo tenido, cesó. [3]

---

[1] Apéndice II de la Apelación.
[2] Apéndice III de la Apelación.
[3] Apéndice IV de la Apelación.

Tras varios trámites procesales, el 5 de junio de 2023, el TPI emitió una *Resolución*.  Mediante esta, el foro primario declaró Con Lugar la *Oposición a Moción Solicitando Desestimación a la Demanda*.[4]

Insatisfechos, el 13 de junio de 2023, los Apelantes presentaron una *Urgente Moción de Reconsideración*.  Insistió que el *Pagaré* se identifica como un instrumento negociable, y que es innegable no llamar la prestación comercial un contrato mercantil.[5]

El 1 de septiembre de 2023, BPPR se opuso con la presentación de una *Oposición a "Urgente Moción de Reconsideración"*.  Sostuvo que no aplica el Código de Comercio ni la Ley de Transacciones Comerciales, por lo que no erró el TPI.[6]

Posteriormente, el 4 de octubre de 2023, los Apelados presentaron una *Réplica a Oposición a "Urgente Moción de Reconsideración" en Cumplimiento de Orden*.[7]

Finalmente, el 1 de mayo de 2024, el TPI emitió una *Resolución* en la que determinó No Ha Lugar la *Urgente Moción de Reconsideración*.[8]

En desacuerdo con la determinación del TPI, el 3 de junio de 2024, los Apelantes presentaron el recurso que atendemos. Alegaron que incidió el TPI al:

> DICTAR RESOLUCIÓN EN EL CASO DEL EPÍGRAFE FUND[Á]NDOSE EN QUE LA PARTE DEMANDADA-APELANTE NO DEMOSTRÓ QUE EXISTÍA CONTROVERSIA EN TORNO AL "ACTO DE COMERCIO" Y NO DEMOSTRARON LA INTENCIÓN DUAL DE COMPRA DE BIEN PARA SU EVENTUAL REVENTA CONFORME EL ART. 243 DEL CÓDIGO DE COMERCIO.
>
> DICTAR RESOLUCIÓN Y NO CONSIDERAR LA PRUEBA QUE SURGE PROPIAMENTE DEL EXPEDIENTE DEL CASO DEL EPÍGRAFE QUE LA PRESENTACIÓN ES UN "ACTO DE COMERCIO".
>
> CONSIDERAR UNA PRESENTACIÓN EN CADUCIDAD O PRESCRIPCIÓN POR HABER DECURSADO EN EXCESO DEL TÉRMINO

---

[4] Apéndice V de la Apelación.
[5] Apéndice VI de la Apelación.
[6] Apéndice VII de la Apelación.
[7] Apéndice VIII de la Apelación.
[8] Apéndice I de la Apelación.

DE CADUCIDAD DE TRES (3) AÑOS EL PAGARÉ DE $151,000.00 AL AMPARO DEL ARTÍCULO 460 DEL CÓDIGO DE COMERCIO DE PUERTO RICO, 10 [LPRA] 1908.

Veamos el derecho aplicable.

## II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. Torres González v. Zaragoza Meléndez, 211 DPR 821 (2023); McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012).

Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del foro apelativo. Torres González v. Zaragoza Meléndez, *supra*; Medina Nazario v. McNeill Healthcare LLC, 194 DPR 723, 729 (2016). Así, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*. En el ámbito judicial, la discreción del tribunal revisor no debe abstraerse del resto del Derecho y, por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera. Mun. Caguas v. JRO Construction, 201 DPR 703, 712 (2019); IG Builders et al. v. BBVAPR, *supra*, pág. 338.

En particular, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, establece los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones sobre el referido recurso para la revisión de sentencias y resoluciones dictadas por el Tribunal de Primera Instancia. Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 207 (2023); McNeil Healthcare v. Mun. Las Piedras I, *supra*; Mun. de Caguas v. JRO Construction, 201 DPR

703, 709 (2019). En lo que nos atañe, esta regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.
>
> Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso *Certiorari*, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros de instancia ostentan un alto grado de discreción en el manejo procesal de un caso. Meléndez Vega v. Caribbean Intl. News, 151 DPR 649, 664 (2000). Como es sabido, en nuestro ordenamiento jurídico impera la norma de que un tribunal apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción. García v. Asociación, 165 DPR 311 (2005); Meléndez Vega v. Caribbean Intl. News, *supra*, pág. 664; Lluch v. España Service Sta., 117 DPR 729 (1986); Valencia Ex Parte, 116 DPR 909 (1986). El adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414 (2013); Rivera Durán v. Banco Popular, 152 DPR 140, 155 (2000). Por ende, si no se encuentra presente en la petición ante nuestra consideración ninguno de los criterios antes transcritos y la actuación del foro primario "no está desprovista de base razonable ni perjudica derechos sustanciales de una parte, lo lógico es que prevalezca el criterio del juez de instancia a quien corresponde la dirección del proceso". Sierra v. Tribunal Superior, 81 DPR 554, 572 (1959). De manera que, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la

interpretación de cualquier norma procesal o de derecho sustantivo. Rivera Durán v. Banco Popular, *supra*, pág. 154.

En armonía a lo anterior, sabido es que nuestro sistema judicial es adversativo y rogado, el cual descansa sobre la premisa de que las partes son los mejores guardianes de sus derechos e intereses. Bco. Bilbao v. González Zayas, 155 DPR 589, 594 (2001); SLG Llorens v. Srio. De Justicia, 152 DPR 2, 8 (2000).

Es norma reiterada en nuestro ordenamiento jurídico que, en ausencia de un craso abuso de discreción o arbitrariedad por parte del TPI, los tribunales apelativos no intervendrán con sus determinaciones interlocutorias discrecionales procesales. *García v. Asociación*, 165 DPR 311, 322 (2005).

A la luz de la mencionada normativa, evaluamos.

### III.

En síntesis, los peticionarios señalan que el foro recurrido erró al no aplicar al préstamo en controversia el Código de Comercio vigente en Puerto Rico ni la Ley de Instrumentos Negociables, pues la parte recurrida arguye que la ley aplicable a dicho contrato de préstamo es el Código Civil de 1930 vigente en Puerto Rico al momento de la transacción. El foro primario concluyó igual que lo expuesto por los recurridos, que aplica a esa transacción el Código Civil de 1930, y por eso le niega la desestimación que solicitaron los peticionarios.

El análisis del derecho aplicable a la orden contra la que se recurre es correcto. Con esa determinación no encontramos fundamento para expedir el auto de *certiorari*. Este caso se encuentra en una etapa temprana en la que no intervendremos, en espera de que el TPI siga y culmine la controversia allí planteada. Nada impide que la parte que resulte insatisfecha con la determinación final acuda a este foro intermedio nuevamente.

En fin, en esta etapa no hay prueba en el expediente tendente a demostrar que el foro primario abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. Así, en el ejercicio de la sana discreción que nos permite la Regla 40 del Reglamento del Tribunal Apelaciones, *supra,* resolvemos denegar la expedición del auto que reclama la denominada apelante en lo que debió ser presentado como petición de *certiorari*.

**IV.**

Por los fundamentos ante expuestos, ***denegamos*** expedir el Auto solicitado contra la *Resolución* emitida por el TPI.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones