ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>MIGUEL A. GÓMEZ RIVERA<br><br>Recurrente | KLRA202400430 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación, División de Remedios Administrativos<br><br>Caso Número:<br>ICG-680-2024 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 26 de agosto de 2024.

El recurrente, Miguel A. Gómez Rivera, comparece ante nos, por derecho propio, en escrito intitulado *Moción solicitando jurisdicción con carácter de urgencia.* Solicita que revisemos la *Respuesta al Miembro de la Población Correccional* que emitió la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación. Mediante esta la División determinó que los delitos, por los cuales el recurrente cumple sentencia, no bonifican por buena conducta y/o asiduidad.

Luego de evaluado, resolvemos desestimarlo por falta de jurisdicción.

### I.

En recurso proveniente de la Institución Guerrero en Aguadilla, el recurrente Gómez Rivera alega que el Tribunal de Primera Instancia emitió una Sentencia el 30 de noviembre de 2021, enmendada el 10 de enero de 2022. Surge que la

Número Identificador

SEN2024_____

sentencia fue emitida por hechos ocurridos el 29 de abril de 2017 y el 1ro de mayo de 2017, con las siguientes penas:

- dos (2) años de reclusión por el delito de Infracción al artículo 5.04 de la Ley de Armas (G LA2017G0123), consecutivos con:

- un año (1) de reclusión por el delito de Infracción al artículo 5.15 de la Ley de Armas

Se aplica el Artículo 7.03 para la duplicidad de la pena por la Ley de Armas para un total de seis (6) años de reclusión.

- Dos (2) años de reclusión por el delito de Infracción al artículo 5.04 de la Ley de Armas (G LA2017G0118)

- Quince (15) años bajo el régimen de sentencia suspendida por el delito de Infracción al artículo 95 del Código Penal.

Estas penas serán cumplidas de forma consecutiva, y a su vez, consecutiva con cualquier otra penal que estuviere cumpliendo el acusado. Abónese tiempo en preventiva.

Se ordena al Departamento de Corrección y Rehabilitación de Puerto Rico aplicar todas las bonificaciones a las que tenga derecho el acusado particularmente la establecida por la Ley 168.

El acusado cumplirá el término de ocho (8) años en prisión por los casos de Ley de Armas bajo la custodia del Departamento de Corrección y Rehabilitación y quince (15) años bajo el régimen de sentencia suspendida por el artículo 95 del Código Penal bajo la supervisión del Departamento de Corrección y Rehabilitación.[1]

El 23 de mayo de 2024 Gómez Rivera presentó una Solicitud de Remedio Administrativo, ante la División de Remedios Administrativos del Departamento de Corrección. Allí alegó, en síntesis, que en la sentencia se le ordenó al Departamento de Corrección a aplicarle todas las bonificaciones a las cuales tenga derecho, particularmente las establecidas por la Ley 168, *infra*.

El 24 de junio de 2024 el área concernida del Departamento de Corrección le respondió así: "Según se desprende de su

---

[1] Anejo 1.

expediente los delitos por la cual usted está cumpliendo no bonifican por buena conducta y/o asiduidad."[2]

En desacuerdo con tal proceder, en escrito del 17 de julio de 2024, el señor Gómez Rivera acudió, por derecho propio, ante nuestro foro de revisión intermedio. No obstante, notamos que no le adhirió los aranceles de presentación al recurso, ni nos informó que comparecía como indigente. Tampoco incluyó una solicitud para litigar *in forma pauperis* para sustentar su indigencia.

Luego de evaluar el escrito, para lograr el más eficiente despacho del asunto, prescindimos de solicitar ulteriores escritos no jurisdiccionales, a tenor con la Regla 7(B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

## II.

En innumerables ocasiones se ha advertido que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen. "Peerless Oil v. Hnos. Torres Pérez, 186 DPR 239, 250 (2012); S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873, 882 (2007). Si el tribunal determina que no tiene jurisdicción para entender en un asunto, debe desestimar inmediatamente el recurso apelativo según ordenan las leyes y reglamentos aplicables para el perfeccionamiento de estos recursos. Peerless Oil v. Hnos. Torres Pérez, *supra*. La regla 83 de nuestro reglamento, en sus incisos (B) (1) y (C), 4 LPRA Ap. XXII-B, R. 83, nos faculta para desestimar *motu proprio* o a solicitud de parte un recurso sobre el cual no tenemos jurisdicción.

---

[2] Anejo 3.

Entre las condiciones para perfeccionar cualquier recurso judicial, las apelaciones o los recursos de revisión, se encuentra el pago de los aranceles de presentación. UGT v. Centro Médico del Turabo, 208 DPR 944, 957-958 (2022); M-Care Compounding v. Dpto. de Salud, 186 DPR 159, 175 (2012); Gran Vista I v. Gutiérrez y otros, 170 DPR 174, 188 (2007).  La omisión de unir a un escrito judicial los correspondientes sellos de rentas internas lo convierte en **nulo e ineficaz,** por lo que, se tiene por no presentado. Ramos Soto v. Depto. Corrección, 211 DPR 434 (2023), Resolución Publicada del Tribunal Supremo con Opinión Disidente, UGT v. Centro Médico del Turabo, *supra,* pág. 959; Silva Barreto v. Tejada Martell, 199 DPR 311, 316 (2017); Sección 5 de la Ley Núm. 17 de 11 de marzo de 1915, según enmendada, Ley de Aranceles de Puerto Rico que se han de Pagar en Causas Civiles, 32 LPRA sec. 1481. (Énfasis añadido).

De manera que, como requisito de umbral para invocar la jurisdicción de algún foro revisor, es que la parte que interese revisar alguna determinación de un foro inferior pague los aranceles a su recurso dentro de los términos provistos por ley. UGT v. Centro Médico del Turabo,*supra*; M-Care Compounding v. Dpto. de Salud, *supra*.

Como excepción a esta norma, una persona indigente, que así lo evidencie, está exenta del pago de aranceles. UGT v. Centro Médico del Turabo, *supra*; Sec. 6, Ley Regulando el Arancel, 32 LPRA sec. 1482.  Para ello, deberá presentar una declaración jurada exponiendo su imposibilidad de pagarlos.

El juez estimará si se probó la incapacidad para satisfacer los derechos requeridos en Ley. Sec. 6 de la Ley de Aranceles, *supra*, 32 LPRA sec. 1482. Este trámite aplica también a los recursos a que se presenten en el Tribunal de Apelaciones o en el

Tribunal Supremo. Sec. 6 de la Ley de Aranceles de Puerto Rico, *supra*.

A tono con lo anterior, la Regla 78 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 78, también ofrece un procedimiento para que las personas indigentes que interesen que se les exima del pago de aranceles así lo soliciten. La aludida Regla dispone:

> Cualquier parte en el procedimiento que por primera vez solicite litigar *in forma pauperis*, presentará ante el Tribunal de Apelaciones una declaración jurada, en la cual expondrá los hechos que demuestren su incapacidad para pagar los derechos y las costas o para prestar garantía por éstos, su convencimiento de que tiene derecho a un remedio y una exposición de los asuntos que se propone plantear en el recurso.

> Si la solicitud se concede, la parte podrá litigar sin el pago de derecho y costas, o sin la prestación de fianza para ello.

Nuestro sistema judicial es adversativo y rogado, el cual descansa sobre la premisa de que las partes son los mejores guardianes de sus derechos e intereses. SLG Llorens v. Srio. De Justicia, 152 DPR 2, 8 (2000). El incumplimiento con las disposiciones reglamentarias sobre los recursos presentados en el Tribunal de Apelaciones puede conllevar la desestimación. Pueblo v. Rivera Toro, 173 DPR 137, 145 (2008); Cárdenas Maxán v. Rodríguez, 119 DPR 642, 654 (1987). El Tribunal Supremo ha resuelto que el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica el incumplimiento de éstas con las reglas procesales. Febles v. Romar, 159 DPR 714, 722 (2003). En consecuencia, procede la desestimación de un recurso por incumplimiento al Reglamento, cuando éste haya provocado un "impedimento real y meritorio para que el tribunal pueda atender el caso en los méritos". Pueblo v. Rivera Toro, *supra*, citando a Román Velázquez v. Román Hernández, 158 DPR 163, 167-168 (2002).

**III.**

En el escrito presentado en nuestro foro, el señor Gómez Rivera alega que le solicitó al área de récord penal del Departamento de Corrección, que le aplicaran las bonificaciones que provee la Ley 168-2019 (Ley de Armas de Puerto Rico de 2020), a las sentencias que cumple por el Artículo 5.04 de la Ley de Armas. Mencionó que área de récord penal le contestó que los delitos, por los que cumple sentencia, no bonifican.

Arguye que el Artículo 5.04 de la anterior Ley de Armas, pasó a ser el Artículo 6.05 de la Ley de Armas de Puerto Rico de 2020, Ley Núm. 168-2019. Menciona que en la Ley Núm. 168 el Artículo 6.05 no excluye las bonificaciones por buena conducta y asiduidad, ni trabajo y estudios, según lo ordenó el Tribunal de Primera Instancia al dictar la sentencia. Ante ello, nos solicita que le ordenemos al Departamento de Corrección y Rehabilitación a aplicarle todas las bonificaciones a las que tiene derecho.

Revisamos detenidamente el recurso y los documentos unidos a este, no obstante, tal cual adelantamos, el recurrente omitió incluir los aranceles de presentación y no solicitó litigar como indigente. Tampoco incluyó la *Declaración en apoyo de solicitud para litigar como indigente (in forma pauperis),* según lo establece la Ley de Aranceles y la Regla 78 del Reglamento del Tribunal de Apelaciones*, supra*. Este trámite era necesario para invocar nuestra jurisdicción.

Esto es, el escrito no constituye un recurso perfeccionado adecuadamente, a tenor con nuestro estado de derecho. En tales circunstancias, procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos. Peerless Oil v. Hmnos. Torres Pérez, Inc., *supra*.

**IV.**

Por las razones que anteceden, se desestima el recurso de referencia por disposición de la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83.

Disponemos que el Secretario del Departamento de Corrección y Rehabilitación debe entregar copia de esta determinación al Peticionario, en la institución correccional donde se encuentre recluido.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones