ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| NOEL TOLEDO SOSA, MILAGROS VÁZQUEZ GONZÁLEZ y la SOCIEDAD LEGAL DE GANANCIALES POR AMBOS COMPUESTA<br><br>Recurridos<br><br>v.<br><br>CÉSAR OMAR MARTÍNEZ, POR SÍ Y EN REPRESENTACIÓN DE LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA CON FULANA DE TAL; POPULAR AUTO, LLC; COMPAÑÍA DE SEGUROS A, B, C; FULANO DE TAL E, F, G, *ET AL*.<br><br>Peticionarios | **KLCE202400826** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Caguas<br><br>Civil Núm.: CG2022CV01874<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

### **RESOLUCIÓN**

En San Juan, Puerto Rico a 5 de septiembre de 2024.

Comparece ante este foro, el Sr. Ángel Luis Benabé Vélez (señor Benabé o "el peticionario") y nos solicita que revisemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas, notificada el 1 de julio de 2024. Mediante el referido dictamen, el foro primario indicó que las mociones de desestimación instadas en el pleito habían sido declaradas *No Ha Lugar*.

Por los fundamentos que se exponen a continuación, **DENEGAMOS** el recurso de *certiorari* de epígrafe.

Número Identificador
RES2024 _____

**I.**

El 8 de junio de 2022, el Sr. Noel Toledo Sosa, la Sra. Milagros Vázquez González y la Sociedad de Bienes Gananciales compuesta por ambos (matrimonio Toledo-Vázquez o "los recurridos") presentaron una *Demanda* sobre daños y perjuicios, en contra del Sr. Cesar Omar Martínez Castrillo (Sr. Martínez), Popular Auto, LLC, entre otros de nombres desconocidos.[1] En esta, reclamaron indemnización por concepto de daños por un accidente que ocurrió el 15 de noviembre de 2021 en el municipio de Juncos. Alegaron que, el señor Martínez impactó con el vehículo BMW, inscrito a nombre de Popular Auto, la motora que conducía Johnathan Jonás Toledo Vázquez, hijo de los recurridos. Afirmaron que como producto de dicho accidente falleció su hijo.

El 31 de octubre de 2022, Popular Auto presentó una *Moción de Desestimación*.[2] En esencia, sostuvo que el estatuto federal conocido *como Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy For Users*, (SAFETEA-LU) —el cual desplaza a la legislación local— exime de responsabilidad a las empresas dedicadas al alquiler de vehículos de motor por los accidentes causados por conductores que arrendan sus automóviles, salvo que la empresa haya incurrido en negligencia o conducta criminal. A lo anterior, Popular Auto añadió que la *Ley de Vehículos y Tránsito de Puerto Rico*, en el año 2010, fue enmendada para conformar sus disposiciones al antedicho estatuto federal. Asimismo, indicaron que, ellos habían arrendado el vehículo de

---

[1] *Demanda*, anejo I, págs. 1-7 del apéndice del recurso.
[2] *Moción de Desestimación,* anejo III, págs. 19-54 del apéndice del recurso.

motor al Sr. Benabé y éste le cedió su cuenta de arrendamiento al Sr. Martínez.

Luego de varias incidencias procesales, el 17 de febrero de 2023, el foro primario emitió una *Sentencia Parcial*.[3] Mediante la cual declaró *Ha Lugar* la *Solicitud de Desestimación* instada por Popular Auto. Asimismo, dispuso lo siguiente:

> Dicha institución financiera otorgó un contrato de arrendamiento de vehículo a Ángel Bernabé Vélez conforme a sus políticas y procedimientos, bajo la creencia de que era un conductor autorizado y competente. Martínez y Ángel Bernabé Vélez, en contravención a lo establecido en el referido contrato, llegaron a un acuerdo de cesión de cuenta sin la autorización de Popular Auto. El que alegadamente le notificaran a dicha institución de su interés para gestionar la cesión legalmente no implica una aceptación de Popular Auto a dicho acuerdo ni mucho menos una autorización a Martínez para que utilizara un vehículo que no era suyo. Tampoco, la supuesta notificación da base para concluir que Popular Auto es responsable por las violaciones de ley en las que pudo haber incurrido Martínez al momento de los hechos.

El 23 de mayo de 2023, el matrimonio Toledo-Vázquez presentó una *Moción en Solicitud de Autorización para Enmendar Demanda*, solicitando fuera incluido al Sr. Benabé y a la Cooperativa de Seguros Múltiples de Puerto Rico.[4] Arguyeron que, el Sr. Martínez había arrendado el vehículo de motor del accidente al Sr. Benabé, bajo contrato suscrito el 19 de diciembre de 2018. Por lo que, el peticionario era responsable al ser el dueño o arrendatario del vehículo de motor involucrado en el accidente.

El 27 de octubre de 2023, el señor Benabé, sin someterse a la jurisdicción, presentó su *Contestación a*

---

[3] *Sentencia Parcial*, anejo IV, págs. 55-64 del apéndice del recurso.
[4] *Moción en Solicitud de Autorización para Enmendar Demanda*, anejo V, págs. 65-81 del apéndice del recurso.

*Demanda Enmendada del Codemandado, Ángel L. Bernabé Vélez*.[5] En esta, negó la mayoría de las alegaciones en su contra y presentó sus respectivas defensas afirmativas. Particularmente, expresó que aceptaba que el vehículo BMW estaba inscrito a nombre de Popular Auto y que se encontraba arrendado desde el 19 de diciembre de 2018. Por ello, esbozó que, no es el dueño del vehículo y la responsabilidad vicaria no le es aplicable como arrendatario.

Posteriormente, el 30 de noviembre de 2023, el peticionario presentó una solicitud de desestimación por falta de jurisdicción.[6] Planteó que, el matrimonio Toledo-Vázquez presentó la *Demanda* el 8 de junio de 2022, e incluyeron a tres (3) demandados de nombres desconocidos. Sin embargo, alegó que debieron solicitar los emplazamientos por edicto de los codemandados desconocidos y diligenciarlos dentro del término de 120 días. Por lo tanto, arguyó que el foro primario carecía de jurisdicción.

El 11 de diciembre de 2023, el foro primario mediante *Orden*, le concedió 20 días al matrimonio Toledo-Vázquez para que presentara su réplica.[7]

En cumplimiento con lo ordenado, el 31 de diciembre de 2023, los recurridos presentaron su oposición a la desestimación instada por el peticionario.[8] En síntesis, adujeron que no fue hasta que Popular Auto presentó su moción de desestimación, y de conformidad con la

---

[5] *Contestación a Demanda Enmendada del Codemandado, Ángel L. Bernabé Vélez*, anejo VII, págs. 89-92 del apéndice del recurso.
[6] *Moción del Codemandado, Ángel L. Benabé Vélez, en Solicitud de Desestimación por Falta de Jurisdicción*, anejo VIII, págs. 93-101 del apéndice del recurso.
[7] *Orden*, anejo IX, pág. 102 del apéndice del recurso.
[8] *Moción en Cumplimiento de Orden y en Oposición a Desestimación*, anejo X, págs. 103-114 del apéndice del recurso.

documentación por ellos provista, fue que advinieron en conocimiento del *Contrato de Leasing* de Popular Auto y el Sr. Benabé. Por ello, con el propósito de incluirlo en el pleito como demandado, al tener conocimiento de su identidad específica; el vínculo con los eventos y/o demás implicados; y la existencia de alegaciones específicas en su contra, efectuaron la solicitud de enmienda a la demanda.

Evaluadas las mociones, el 13 de marzo de 2024, el foro primario notificó una *Orden*, declarando *No Ha Lugar* a la solicitud de desestimación presentada por el Sr. Benabé.[9]

El 28 de marzo de 2024, el peticionario presentó una moción de reconsideración, mediante la cual, sostuvo que los recurridos intentaron encubrir su falta de diligencia y dejadez, al utilizar la moción de Popular Auto, para no haber realizado las diligencias pertinentes y gestionar el emplazamiento por edicto dentro del término.[10]

Posteriormente, el 16 de abril de 2024, el señor Benabé presentó una solicitud de desestimación por dejar de exponer una reclamación que justifique la concesión de un remedio.[11] Mediante esta, arguyó que no le aplica la imputación de responsabilidad vicaria, debido a que, el dueño del vehículo de motor era Popular Auto y él solamente era el arrendatario. En cuanto a la responsabilidad extracontractual, sostuvo que tampoco le

---

[9] *Orden*, anejo XIV, pág. 120 del apéndice del recurso.
[10] *Moción de Reconsideración de la Orden del 13 de marzo de 2024 del 28 de marzo de 2024*, anejo XV, págs. 121-125 del apéndice del recurso.
[11] *Moción del Codemandado, Ángel L. Benabé Vélez, en Solicitud de Desestimación por Dejar de Exponer una Reclamación que Justifique la Concesión de un Remedio [Regla 10.2(5) de las de Procedimiento Civil]*, anejo XVI, págs. 126-135 del apéndice del recurso.

es aplicable, ya que, de las mismas alegaciones, los recurridos se han limitado a reclamarle que fue por los actos del señor Martínez los que ocasionaron el alegado daño.

El 17 de abril de 2024, el foro primario mediante *Orden*, le concedió 20 días al matrimonio Toledo-Vázquez para que replicaran.[12]

Así las cosas, el 7 de mayo de 2024, los recurridos presentaron su *Moción en Cumplimiento de orden y en Oposición a Solicitud de Desestimación*.[13] En síntesis, sostuvieron que la inclusión del señor Benabé al pleito no era un mero capricho, y debía ser considerado como parte, puesto que, suscribió un contrato con Popular Auto, el cual contenía los términos y condiciones a los que se ciñó como arrendatario del vehículo; a su vez tenía una póliza de seguro vigente con la Cooperativa de Seguros Múltiples. Añadieron que, el *Contrato de Arrendamiento de Vehículos* que firmó el peticionario con Popular Auto contiene una cláusula (#17) la cual disponía:

> Cesión, Sub-Arrendamiento: Debido a que este arrendamiento le fue otorgado a usted basado en su propio crédito, usted acuerda que usted no podrá vender o ceder (transferir) su interés bajo este arrendamiento a ninguna otra persona ni subarrendar. […].[14]

A su vez, que el contrato contenía un relevo de responsabilidad a favor de Popular Auto. Por ello, alegaron que su subrogación en la posición del dueño resultaba indudable.

---

[12] *Orden*, anejo XVII, pág. 136 del apéndice del recurso.
[13] *Moción en Cumplimiento de orden y en Oposición a Solicitud de Desestimación*, anejo XVIII, págs. 137-178 del apéndice del recurso.
[14] Cláusula #17 del Contrato de Arrendamiento de Vehículos. Véase, págs. 154-155 del apéndice del recurso.

El 14 de mayo de 2024, el foro primario mediante *Orden*, denegó la *Moción de Reconsideración* instada por el señor Benabé.[15]

El 15 de mayo de 2024, el peticionario presentó una *Solicitud de Aclaración de Órdenes Notificadas el 14 de mayo de 2024*.[16] En esencia, esbozó que tenía duda sobre si el foro *a quo* había declarado ha lugar o no ha lugar su segunda solicitud de desestimación. El foro primario, mediante *Orden*, indicó: "nada que disponer".[17]

Luego de varias incidencias procesales, el 1 de julio de 2024, el foro recurrido notificó una *Orden*, mediante la cual expresó que "ambas solicitudes fueron declaradas no ha lugar".[18]

Inconforme, el 29 de julio de 2024, el peticionario presentó el *certiorari* de epígrafe, mediante el cual sostuvo el siguiente señalamiento de error:

> Incidió el Tribunal de Primera Instancia al negarse a desestimar la causa de acción contra el codemandado-recurrente basada en responsabilidad vicaria, luego de haber hecho determinación judicial, que advino final y firme e inapelable, estableciendo que el dueño del vehículo de motor relacionado con el accidente de tránsito es Popular Auto, LLC.

El 16 de agosto de 2024, emitimos una *Resolución* mediante la cual se le concedió quince (15) días desde le fecha de presentación del recurso a la parte recurrida para que presentara su oposición al recurso.

Transcurrido el término dispuesto, la recurrida no compareció a presentarnos su postura. Consecuentemente,

---

[15] *Orden*, anejo XIX, pág. 179 del apéndice del recurso.
[16] *Solicitud de Aclaración de Órdenes Notificadas el 14 de mayo de 2024*, anejo XXI, págs. 181-183 del apéndice del recurso.
[17] *Orden*, anejo XXII, pág. 184 del apéndice del recurso.
[18] *Orden*, entrada núm. 68 en el Sistema Unificado de manejo y Administración de Casos (SUMAC).

declaramos perfeccionado el recurso de epígrafe y procedemos a su disposición, conforme a Derecho.

## II.

### -A-

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012).

Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del foro apelativo. *Torres González v. Zaragoza Meléndez*, supra; *Medina Nazario v. McNeill Healthcare LLC,* 194 DPR 723, 729 (2016). Así, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *IG Builders et al. v. BBVAPR*, supra. En el ámbito judicial, la discreción del tribunal revisor no debe abstraerse del resto del Derecho y, por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera. *Mun. Caguas v. JRO Construction,* 201 DPR 703, 712 (2019); *IG Builders et al. v. BBVAPR,* supra, pág. 338.

En particular, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones sobre el referido recurso para la revisión de sentencias y resoluciones dictadas por el

Tribunal de Primera Instancia. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *McNeil Healthcare v. Mun. Las Piedras I,* supra; *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 709 (2019). En lo que nos atañe, esta regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.
>
> Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso *certiorari*, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros de instancia ostentan un alto grado de discreción en el manejo procesal de un caso. *Meléndez Vega v. Caribbean Intl. News,* 151 DPR 649, 664 (2000). Como es sabido, en nuestro ordenamiento jurídico impera la norma de que un tribunal apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción. *García v. Asociación*, 165 DPR 311 (2005); *Meléndez Vega v. Caribbean Intl. News,* supra, pág. 664; *Lluch v. España Service Sta.*, 117 DPR 729 (1986); *Valencia Ex Parte*, 116 DPR 909 (1986).

El adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414 (2013); *Rivera Durán v. Banco Popular*, 152 DPR 140, 155 (2000). Por ende, si no se encuentra presente

en la petición ante nuestra consideración ninguno de los criterios antes transcritos y la actuación del foro primario "no está desprovista de base razonable ni perjudica derechos sustanciales de una parte, lo lógico es que prevalezca el criterio del juez de instancia a quien corresponde la dirección del proceso." *Sierra v. Tribunal Superior*, 81 DPR 554, 572 (1959). De manera que, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *Rivera Durán v. Banco Popular*, supra, pág. 154.

En armonía a lo anterior, sabido es que nuestro sistema judicial es adversativo y rogado, el cual descansa sobre la premisa de que las partes son los mejores guardianes de sus derechos e intereses. *Bco. Bilbao v. González Zayas*, 155 DPR 589, 594 (2001); *SLG Llorens v. Srio. De Justicia*, 152 DPR 2, 8 (2000).

Es norma reiterada en nuestro ordenamiento jurídico que, en ausencia de un craso abuso de discreción o arbitrariedad por parte del foro primario, los tribunales apelativos no intervendrán con sus determinaciones interlocutorias discrecionales procesales. *García v. Asociación*, 165 DPR 311, 322 (2005).

-B-

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite a una parte que es demandada, mediante la presentación de una moción debidamente fundamentada a esos fines, solicitar la desestimación de

la demanda instada en su contra. En particular, la referida regla establece que la parte demandada podrá solicitar la desestimación de la demanda en su contra por alguno de los siguientes fundamentos:

(1) Falta de jurisdicción sobre la materia.
(2) Falta de jurisdicción sobre la persona.
(3) Insuficiencia del emplazamiento.
(4) Insuficiencia del diligenciamiento del emplazamiento.
(5) Dejar de exponer una reclamación que justifique la concesión de un remedio.
(6) Dejar de acumular una parte indispensable. *Íd.*

Al respecto, el Tribunal Supremo de Puerto Rico ha expresado que, al resolverse una moción de desestimación por el fundamento de que la demanda deja de exponer una reclamación que justifique la concesión de un remedio, "[e]l tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas." *Colón Gorbea v. Sánchez Hernández*, 202 DPR 760, 765 (2019) citando a *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428, (2008*); Colón Muñoz v. Lotería de P.R.,* 167 DPR 625, (2006). Además, tales alegaciones deben interpretarse "[c]onjuntamente, liberalmente y de la forma más favorable posible para la parte demandante" Cruz Pérez v. Roldán Rodríguez, 206 DPR 261 (2021); *Colón Gorbea v. Sánchez Hernández,* supra; *López García v. López García*, 200 DPR 50, 69 (2018).

En ese sentido, la demanda no deberá desestimarse a menos que se demuestre que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar. *López García v. López García,* supra. Así pues, para que proceda una moción de desestimación, "tiene que demostrarse de forma certera en ella que el

demandante no tiene derecho a remedio alguno bajo cualquier estado de [D]erecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor." *Íd.*, pág. 70. (corchetes en el original).

Entiéndase, la desestimación procede si aun interpretando la demanda liberalmente no hay remedio alguno disponible en el estado de Derecho. *Cruz Pérez v. Roldán Rodríguez*, supra, citando a *Ortiz Matías et al v. Mora Development*, 187 DPR 649, 654 (2013). Por ello, los tribunales evaluarán si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de este, la demanda es suficiente para constituir una reclamación válida. *Íd*.

-C-

La *Ley de Vehículos y Tránsito de Puerto Rico*, conocida como la Ley Núm. 22 de 7 de enero de 2000, 9 LPRA sec. 5001 *et al*, establece la responsabilidad vicaria de un dueño de un vehículo de motor por los daños culposos o negligentes causados mediante la operación de dicho vehículo, como si los hubiese causado el propio dueño. *Nieves Vélez v. Bansander Leasing Corp.*, 136 DPR 827, 835 (1994). Así surge del Artículo 21.01 del citado cuerpo legal en el cual se dispone lo siguiente:

> El dueño de cualquier vehículo de motor será responsable de los daños y perjuicios que se causen mediante la operación de dicho vehículo, interviniendo culpa o negligencia, cuando el referido vehículo sea operado o esté bajo el control físico y real de cualquier persona que, con el fin principal de operarlo, o de hacer o permitir que el mismo sea operado por una tercera persona, obtenga su posesión mediante la autorización expresa o tácita del dueño. […]. Art. 21.01 de la Ley Núm. 22, 9 LPRA sec. 5621.

Como excepción a lo anterior, el estatuto exime de responsabilidad a los dueños que se dedican al arrendamiento de sus vehículos de motor. De este modo, el último párrafo del citado Artículo 21.01 dispone que:

> En ausencia de negligencia o conducta criminal, el dueño de un vehículo de motor que se dedica al alquiler de vehículos de motor no será responsable de los daños ocasionados a terceros como resultado del uso, operación o posesión del vehículo de motor por un arrendatario bajo la vigencia de un contrato de alquiler a corto o largo plazo. Art. 21.01 de la Ley Núm. 22, *supra*.

Esta excepción se incorporó a la Ley Núm. 22-2000 para conformarla con el estatuto federal conocido como *Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users*. Ley Púb. Núm. 109-59 de 10 de agosto de 2005, 49 USC sec. 30101 *et al.* En lo aquí pertinente, dicho estatuto —el cual desplaza a la ley local en virtud de la Cláusula de Supremacía de la Constitución de los Estados Unidos— lee como sigue:

> Rented or leased motor vehicle safety and responsibility:
>
> (a) In general. An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if:
>
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).
>
> […]

De modo que, en virtud del estatuto SAFETEA y de su reiteración en la Ley Núm. 22-2000, una empresa dedicada

al arrendamiento de vehículos de motor no es responsable por los daños que resulten de la operación de un automóvil por el hecho de su condición de titular del mismo, en ausencia de negligencia o conducta criminal directamente imputable a la empresa.

De otro lado, la Ley Núm. 22-2000, *supra*, obliga a las personas o corporaciones que se dedican al negocio de alquiler de automóviles a comprobar que los arrendatarios de sus vehículos se encuentran legalmente autorizados a conducir en Puerto Rico "mediante el examen de su licencia". 9 LPRA sec. 5551. El estatuto instituye, además, que tal persona o corporación "deberá llevar un expediente conteniendo el número de la tablilla del vehículo de motor alquilado, el número de la licencia de conducir de la persona que lo alquilará con su nombre y dirección y el lugar o jurisdicción en la que le haya sido expedida la referida licencia de conducir". 9 LPRA sec. 5552.

Por último, el Artículo 17 del *Reglamento para Vehículos de Alquiler*, Reglamento Número 7294 de 14 de febrero de 2007, promulgado por la Comisión de Servicio Público, reitera la obligación de las empresas de alquiler de vehículos de motor arrendar sus unidades únicamente a personas autorizadas para conducir por el Departamento de Transportación y Obras Públicas. Para el caso de arrendatarios con licencias vigentes de cualquier estado o país, el reglamento establece que "la empresa cumplirá con la reglamentación que a esos efectos requiera el Departamento de Transportación y Obras Públicas de Puerto Rico."

**III.**

Es preciso comenzar por destacar que la *Orden* recurrida, a pesar de ser un dictamen interlocutorio, es susceptible de revisión por parte de este foro, en virtud de la Regla 52.1 de Procedimiento Civil, *supra*.

En el caso de autos, el señor Benabé señaló que el foro primario erró al negarse a desestimar la causa de acción sobre responsabilidad vicaria, cuando sostiene que el dueño del vehículo involucrado en el accidente es Popular Auto.

No obstante, luego de evaluar el recurso de epígrafe y revisar los documentos sometidos, a la luz de los criterios de nuestra Regla 40, *supra*, rechazamos ejercer nuestra jurisdicción revisora e intervenir con el criterio del foro primario para variar el dictamen recurrido.

Recalcamos que, nuestro Tribunal Supremo ha sido enfático en que, como foros revisores, no debemos intervenir con las actuaciones de los foros primarios, en ausencia de que hayan actuado con prejuicio o parcialidad, o que hayan errado en la aplicación del derecho. Incluso, ha dispuesto que, en el caso de las actuaciones discrecionales, solo estaríamos en posición de intervenir para variar el dictamen, si el foro primario abusó de su discreción.

Así las cosas, a base de un análisis cuidadoso de la totalidad del expediente, no estamos en posición de concluir que la actuación recurrida fuese irrazonable, o contraria en derecho. Consecuentemente, tampoco podemos afirmar que dicha actuación fuese el resultado de abuso de discreción por parte del foro primario. Por

tanto, procede denegar la expedición del auto discrecional solicitado.

### IV.

Por los fundamentos antes expuestos, se **DENIEGA** el presente auto discrecional de *certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones